# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Lexington Division**

| | |
|---|---|
| Charles Shockley )<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>Portfolio Recovery Associates, LLC )<br>    *Defendant* )<br>Serve: )<br>    Corporation Service Company )<br>    2711 Centerville Road, Suite 400 )<br>    Wilmington, DE 19808 )<br>)<br>United Adjustment Corporation )<br>    *Defendant* )<br>Serve: )<br>    Remington D. Williams )<br>    218 N. Third Street )<br>    Kentland, IN 47951 )<br>) | Case No. |

## **COMPLAINT and DEMAND FOR JURY TRIAL**

### INTRODUCTION

1. This is an action brought by Plaintiff Charles Shockley for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"); and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA")

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, the FCRA § 1681p, and 15 U.S.C. § 1692k.

### PARTIES

3. Plaintiff Charles Shockley is a natural person who resides in Estill County, Ky. Mr. Shockley is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c), and the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant Portfolio Recovery Associates, LLC ("PRA") is a Delaware limited

liability company which has not registered with the Kentucky Secretary of State, and the principal purpose of whose business is the purchase and collection of defaulted debts. PRA's principal place of business is located at 120 Corporate Boulevard, Norfolk, VA 23502.

5. PRA's primary purpose is the collection of debts as defined by the FDCPA and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). PRA is also a "furnisher" of consumer credit information and "user" of consumer reports within the meaning of the FCRA.

6. Defendant United Adjustment Corporation ("UAC") is an Indiana corporation which has not registered with the Kentucky Secretary of State, and the principal purpose of whose business is the purchase and collection of defaulted debts. UAC's principal place of business is located at 218 N. 3rd Street, Kentland, IN 47951.\

7. UAC's primary purpose is the collection of debts as defined by the FDCPA and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). UAC is also a "furnisher" of consumer credit information and "user" of consumer reports within the meaning of the FCRA.

## STATEMENT OF FACTS

8. On February 27, 2017, Plaintiff Charles Shockley ("Shockley") applied for a home loan with Prime Mortgage Lending, Inc. ("Prime Mortgage").

9. Prime Mortgage rejected Mr. Shockley's application based on his credit score and credit report.

10. After he was denied his home-loan application, Mr. Shockley reviewed the tri-merged credit report that Prime Mortgage relied on in deciding to deny Mr. Shockley the loan.

11. Mr. Shockley discovered that several tradelines on his credit report were inaccurate or flat-out wrong.

12. Mr. Shockley sent dispute letters to furnishers of the erroneous information and to the "big three" consumer reporting agencies ("CRA's"): Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union").

13. Through these efforts, Mr. Shockley was able to correct most of the incorrect information on his credit reports except for the tradelines furnished by Defendants Portfolio

Recovery Associates, LLC ("PRA") and United Adjustment Corporation ("UAC").

I.  **Facts Relating to Portfolio Recovery Associates, LLC**

14. Mr. Shockley filed a Chapter 7 Bankruptcy Petition in the Western District of Oklahoma, Case No. 10-14553, on July 27, 2010 (the "Bankruptcy").

15. In his Bankruptcy petition, Mr. Shockley listed *inter alia* a debt to Portfolio Recovery Associates, LLC ("PRA") in connection with a credit-card debt originated by Household Bank.

16. Mr. Shockley incurred the Household Bank credit-card debt for personal, family, and/or household purposes, which makes the Household Bank credit-card debt a "debt" within the meaning the FDCPA.

17. Household Bank credit cards were issued by HSBC.

18. In 2012, Capital One Bank (USA), N.A. ("Capital One") acquired HSBC's credit-card assets.

19. The Bankruptcy Court issued a discharge in Mr. Shockley's Bankruptcy case on November 29, 2010.

20. When Mr. Shockley reviewed his tri-merged credit report in February-March 2017, he discovered a tradeline furnished by PRA in connection with a credit-card debt that listed Capital One Bank (USA), N.A. as the original creditor.

21. PRA furnished credit information concerning the PRA/Capital One credit card debt on Mr. Shockley's consumer credit reports for purposes of collecting the debt from him. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

22. Mr. Shockley did not default on a Capital One credit card after he filed his Chapter 7 Bankruptcy petition.

23. The PRA tradeline on his tri-merged credit report was the same debt represented by the PRA/Household Bank credit card debt listed and discharged in Mr. Shockley's Chapter 7 Bankruptcy case.

24. Mr. Shockley sent multiple dispute letters to the CRAs disputing the PRA/Capital One tradeline—disputing the amount, the age, and the failure to note that the debt had been discharged in his Chapter 7 Bankruptcy.

25. Mr. Shockley's dispute letters to the CRA's triggered each CRAs' duty under 15 U.S.C. § 1681i(1) to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information…."

26. The CRA's complied with their statutory duty and sent notice of Mr. Shockley's disputes to PRA, which thereby triggered PRA's duty under 15 U.S.C. § 1681s-2(b) to reinvestigate the credit information supplied by PRA concerning the PRA/Capital One tradeline.

27. PRA failed to conduct a reasonable investigation of Mr. Shockley's disputes.

28. Instead of deleting the false and inaccurate information concerning Mr. Shockley and the PRA/Capital One tradeline, PRA confirmed that the information that it had furnished about Mr. Shockley was correct.

29. Because of the inaccurate credit information PRA furnished concerning PRA/Capital One tradeline, Mr. Shockley was denied credit, had to pay more for credit, and experienced a decrease in his credit scores.

30. Adding insult to injury, Mr. Shockley discovered that PRA requested, obtained, and reviewed a copy of Mr. Shockley's Trans Union consumer credit report on April 5, 2017, and PRA requested, obtained, and reviewed a copy of Mr. Shockley's Experian consumer credit report on sixteen (16) different dates between March 11, 2015 and February 16, 2017.

31. Because the PRA/Capital One credit-card debt was extinguished by the discharge issued by the Bankruptcy Court in the Bankruptcy, PRA did not have a permissible purpose to request Mr. Shockley's consumer credit reports.

32. PRA violated the FCRA **(i)** by failing to conduct a reasonable investigation of Mr. Shockley's disputes upon receiving notice of those disputes from the CRAs, and **(ii)** by repeatedly requesting Mr. Shockley's credit reports without a permissible purpose.

33. PRA violated the FDCPA **(i)** by misrepresenting the legal status of the PRA/Capital One credit-card debt, and **(ii)** by attempting to collecting a discharged debt from Mr. Shockley.

**II. Facts as to United Adjustment Corporation**

34. Mr. Shockley discovered a tradeline furnished by United Adjustment Corporation ("UAC") on his tri-merged credit report.

35. Upon information and belief, the UAC tradeline constitutes a "debt" within the meaning the FDCPA.

36. UAC furnished credit information about Mr. Shockley to the CRA's for purposes of attempting to collect a debt from him. *Sullivan, supra.*

37. Mr. Shockley believed that the underlying debt had been discharged in his Chapter 7 Bankruptcy case.

38. Mr. Shockley sent multiple dispute letters to the CRA's disputing the UAC tradeline—disputing the amount, the age, and the failure to note that the debt had been discharged in his Chapter 7 Bankruptcy.

39. Mr. Shockley's dispute letters to the CRA's triggered each CRA's duty under 15 U.S.C. § 1681i(1) to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information…."

40. The CRA's complied with their statutory duty and sent UAC notice of Mr. Shockley's disputes to UAC, which thereby triggered UAC's duty under 15 U.S.C. § 1681s-2(b) to reinvestigate the credit information supplied by UAC concerning Mr. Shockley.

41. In its responses to Mr. Shockley's dispute letters it received from the CRA's, UAC failed to note that Mr. Shockley had disputed the UAC debt.

42. UAC violated the FDCPA by transmitted credit information to the CRA's without noting that Mr. Shockley had disputed the UAC debt.

43. UAC violated the FCRA by failing to note in its results of investigations of Mr. Shockley's disputes that it sent to the CRA's that he had disputed the UAC debt and tradeline.

## CLAIMS FOR RELIEF

I.  **Claims against Portfolio Recovery Associates, LLC**

    A.  **Violations of the FCRA**

44. After being informed by the CRA's that Mr. Shockley disputed the accuracy of the information Portfolio Recovery Associates, LLC ("PRA") was furnishing to the CRA's concerning the PRA/Capital One tradeline, PRA willfully failed to conduct a proper investigation of Mr. Shockley's disputes filed with the CRA's after receiving notice of Mr. Shockley's dispute from the CRA's.

45. PRA willfully failed to review and/or furnish all relevant information purportedly provided by the CRA's to PRA in conducting its investigation of Mr. Shockley's disputes as required by 15 U.S.C. § 1681s-2(b)(B).

46. PRA willfully failed to direct the CRA's to modify or delete inaccurate information about Mr. Shockley pertaining to the PRA/Capital One tradeline as required by 15 U.S.C. § 1681s-2(b)(C).

47. Mr. Shockley has a private right of action to assert claims against PRA arising under 15 U.S.C. § 1681s-2(b).

48. PRA is liable to Mr. Shockley for the actual damages he has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages, whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

49. Alternatively, PRA's violations were reckless or negligent, and is liable to Mr. Shockley for actual damages he has sustained by reason of PRA's violation of the FCRA, in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o.

    B.  **Violations of the FDCPA**

50. The foregoing acts and omissions of PRA constitute violations of the FDCPA, including, but not limited to, attempting to collect a debt from Mr. Shockley that was discharged in his Chapter 7 Bankruptcy case, and violations of 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and one or more subsections of each statute.

## II.  Claims against United Adjustment Corporation

### A.  Violations of the FCRA

51.  After being informed by the CRA's that Mr. Shockley disputed the accuracy of the information United Adjustment Corporation ("UAC") was furnishing to the CRA's concerning the UAC tradeline, UAC willfully failed to conduct a proper investigation of Mr. Shockley's disputes filed with the CRA's after receiving notice of Mr. Shockley's dispute from the CRA's.

52.  UAC willfully failed to review and/or furnish all relevant information purportedly provided by the CRA's to UAC in conducting its investigation of Mr. Shockley' disputes as required by 15 U.S.C. § 1681s-2(b)(B).

53.  UAC willfully failed to direct the CRA's to modify or delete inaccurate information about Mr. Shockley pertaining to the UAC tradeline as required by 15 U.S.C. § 1681s-2(b)(C).

54.  Under the FCRA, UAC has a duty, in its responses to the CRA's in connection with its investigation of Mr. Shockley's disputes, to note that Mr. Shockley had disputed the UAC tradeline.

55.  UAC violated its duty to properly note that Mr. Shockley had disputed the UAC tradeline in investigative responses to the CRA's.

56.  Mr. Shockley has a private right of action to assert claims against UAC arising under 15 U.S.C. § 1681s-2(b).

57.  UAC is liable to Mr. Shockley for the actual damages he has sustained by reason of its violations of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages, whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

58.  Alternatively, UAC's violations were reckless or negligent, and is liable to Mr. Shockley for actual damages he has sustained by reason of UAC's violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o.

### B.  Violations of the FDCPA

59.  The foregoing acts and omissions of UAC constitute violations of the FDCPA, including, but not limited to, failing to note that Mr. Shockley had disputed the UAC debt in the credit information it furnished to the CRA's, and violations of 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and one or more subsections of each statute.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Charles Shockley requests that the Court grant him the following relief:

1. Award Plaintiff maximum statutory damages against each Defendant pursuant to the FDCPA and FCRA;

2. Award Plaintiff actual damages against each Defendant pursuant to the FDCPA and/or the FCRA;

3. Award Mr. Shockley punitive damages against each Defendant pursuant to the FCRA;

4. Award Mr. Shockley reasonable attorney's fees and costs;

5. A trial by jury; and

6. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com

James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 5
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:   (502) 257-7309
jmckenzie@jmckenzielaw.com